# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSE MONTANEZ,**<br>*Petitioner* | **CIVIL ACTION** |
| v. | |
| **KEVIN KAUFFMAN**, *et al.*,<br>*Respondents* | **No. 19-2970** |

## ORDER

AND NOW, this 22nd day of September, 2020, upon careful and independent consideration of *pro se* Petitioner Jose Montanez's Petition for Writ of Habeas Corpus (Doc. No. 1), Respondents' Response in Opposition and additional exhibits (Doc. Nos. 13, 19), Mr. Montanez's Response to Respondents' Answer (Doc. No. 18), Magistrate Judge Linda K. Caracappa's Report and Recommendation (Doc. No. 21), Mr. Montanez's Objections to the Report and Recommendation (Doc. No. 24), and the state court record, it is **ORDERED** that:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**.[1]

---

[1] Pursuant to 28 U.S.C. § 2244(d)(1)(A), Mr. Montanez's federal petition is barred as untimely. Finding that Mr. Montanez's habeas petition was not filed within the strict one-year limitation period and that equitable tolling is inapplicable here, Magistrate Judge Caracappa recommended dismissing Mr. Montanez's petition as untimely. For this reason, Magistrate Judge Caracappa did not examine the substantive merits of the petition. Mr. Montanez's objections to the Report and Recommendation reiterate his substantive arguments but do not address his delay in filing.

First, the federal petition is untimely even when accounting for statutory tolling under 28 U.S.C. § 2244(d)(2). Mr. Montanez initiated a collateral challenge in state court with 30 days remaining on the one-year period to file. When the Pennsylvania Supreme Court denied his allowance of appeal on April 30, 2019, he only had until May 30, 2019 to file a federal petition. Mr. Montanez's federal habeas petition, filed on June 27, 2019, is therefore untimely.

Second, the Court finds that Mr. Montanez's habeas petition should not be equitably tolled. A petitioner is entitled to equitable tolling of the one-year statute of limitations only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Fla.*, 560 U.S. 631, 649 (2010). Construing the petition liberally as the Court must, the Court finds no cognizable grounds for equitable tolling. The Court agrees with Magistrate Judge Caracappa's finding that Mr. Montanez neither explained the 27-day delay nor argued he was prevented from filing a timely federal petition. Doc. No. 21 at 10. Mr. Montanez's sole explanation for his delay is that his trial counsel did not file a direct appeal and his second *pro se* Post-Conviction Relief Act (PCRA) petition was pending at the time. Doc. No. 1 at 23. He does not address how the pending PCRA petition impacted his ability to timely submit a *federal* petition. Doc. Nos. 1, 18. Because Magistrate

2. The petition for Writ of Habeas Corpus is **DISMISSED** with prejudice.

3. There is no probable cause to issue a certificate of appealability.[2]

4. The Clerk of the Court shall mark this case **CLOSED**, including for statistical purposes.

BY THE COURT:

*/s/ Gene E.K. Pratter*

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

Judge Caracappa accepted the state court's finding that Mr. Montanez never requested trial counsel to file a direct appeal, she found that the limitation period expired on May 30, 2019.

Nor does Mr. Montanez demonstrate "extraordinary circumstances" to warrant equitable tolling. In correspondence attached to both his reply and objections, Mr. Montanez requested his state-appointed counsel "formally recuse" himself in June 2017 so that he could proceed *pro se* in the state PCRA proceedings. Doc. No. 24 at 17. Although being abandoned by counsel can sometimes constitute a "extraordinary circumstance," *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 89 (3d Cir. 2013), here it was Mr. Montanez who fired his counsel. And there is nothing in the record to suggest that Mr. Montanez's prior counsel was preparing a federal petition prior to his recusal and misled Mr. Montanez to believe one was timely filed.

Mr. Montanez also fails to show that he pursued his rights diligently. His *pro se* status does not "insulate him from the 'reasonable diligence' inquiry" nor does his "lack of legal knowledge or legal training" alone justify equitable tolling. *Ross v. Varano*, 712 F.3d 784, 800 (3d Cir. 2013). And the Third Circuit has found equitable tolling was not warranted in a similar case. *Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2003) (finding that "nearly one month left in the limitation period-time [was] enough for [petitioner], acting with reasonable diligence, to prepare and file at least a basic *pro se* habeas petition"). Nor is Mr. Montanez's delay explained by new and recently discovered evidence. Rather, he was able to assert his claims in the federal petition prior to the statute of limitations expiring but failed to do so. *See Kim v. Cameron*, No. CV 14-5320, 2016 WL 1623426, at *4 (E.D. Pa. Apr. 25, 2016).

For the foregoing reasons, even though a layperson may be frustrated by the application of settled law and legal principles to the facts at hand, the Court approves and adopts the well-reasoned Report and Recommendation.

[2] A certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a "plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court will not issue a certificate here given the untimely filing.

2