## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSE MONTANEZ,** | : | **CIVIL ACTION** |
| **Petitioner** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **KEVIN KAUFFMAN et al.,** | : | |
| **Respondent** | : | **No. 19-2970** |

### MEMORANDUM

PRATTER, J.                                                                                                   JUNE 21, 2023

On September 22, 2020, this Court dismissed Jose Montanez's petition for writ of *habeas corpus* under 28 U.S.C. § 2254, concluding that the petition was time barred. Invoking Federal Rules of Civil Procedure 60(b)(2) and 60(b)(6), Mr. Montanez, proceeding *pro se*, now seeks relief from that judgment.

Mr. Montanez avers that he is entitled to relief under Rule 60(b)(6) because the Court incorrectly failed to calculate the statutory tolling that ought to have occurred upon the filing of his second Post Conviction Relief Act petition, that equitable tolling is warranted because of alleged constitutional errors that occurred at trial, and that relief of judgment under Rule 60(b)(2) is necessary because he has newly discovered evidence that by due diligence could not have been discovered in time to move for a new trial under Rule 59(b). For the reasons set forth below, the Court will deny the motion and concludes that no certificate of appealability shall issue.

### BACKGROUND

Jose Montanez was convicted in the Philadelphia County Court of Common Pleas of first-degree murder, 18 Pa. Cons. Stat § 2502(a); robbery, 18 Pa. Cons. Stat § 3701(a)(1)(i); burglary, 18 Pa. Cons. Stat § 3502(a); and possession of an instrument of crime with intent, 18 Pa. Cons. Stat § 907(a). On February 6, 2013, the trial court sentenced Mr. Montanez to a mandatory

1

term of life imprisonment for the first-degree murder charge and concurrent sentences for the remaining charges.

Mr. Montanez did not file a direct appeal, and his judgment of sentence became final 30 days later on March 8, 2013. His later efforts to challenge his conviction in state court were unavailing. He timely filed his first *pro se* petition under the Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. § 9541, on February 6, 2014. The PCRA court conducted an evidentiary hearing, and on March 3, 2017, the PCRA court dismissed the first PCRA petition. Mr. Montanez filed a notice of appeal to the Superior Court. The Superior Court affirmed the PCRA court's dismissal of Mr. Montanez's first PCRA petition on October 10, 2018. *Commonwealth v. Montanez*, No. 1186 EDA 2017, 2018 WL 4907576, at *4 (Pa. Super. Ct. Oct. 10, 2018). The Pennsylvania Supreme Court denied Mr. Montanez's petition for allowance of appeal on April 30, 2019. *Commonwealth v. Montanez*, 207 A.3d 904 (Table) (Pa. 2019).

Mr. Montanez filed a second PCRA petition on June 24, 2019, which was nearly five years past the deadline to file such a petition. On February 6, 2020, the PCRA court filed a notice of its intent to dismiss the pending second PCRA petition under Pennsylvania Rule of Criminal Procedure 907, and on July 10, 2020, it dismissed the second PCRA petition as untimely.

Mr. Montanez submitted his federal petition for writ of habeas corpus under 28 U.S.C. § 2254 on June 27, 2019. This Court referred Mr. Montanez's petition to a magistrate judge, who issued a Report and Recommendation and recommended that the petition be dismissed with prejudice because Mr. Montanez failed to file his petition within the strict one-year limitation period set forth in 28 U.S.C. § 2244(d), and he had shown no entitlement to statutory or equitable tolling. This Court approved and adopted the Report and Recommendation on September 22, 2020. Mr. Montanez then sought a certificate of appealability from the Third Circuit Court of Appeals.

2

The Court of Appeals declined to issue a certificate of appealability on March 4, 2021. *Montanez v. Superintendent Huntingdon SCI et al.*, Appeal No. 20-3090 (3d Cir.).

On January 12, 2023, Mr. Montanez filed the instant motion under Rule 60(b)(2) and (6), alleging that his petition was timely and that he has newly discovered evidence that could not have been discovered by due diligence earlier, thus warranting the Court's reconsideration of his federal habeas petition's dismissal.

## LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) provides that "the court may relieve a party . . . from a final judgment, order, or proceeding" in certain circumstances. Fed. R. Civ. P. 60(b). "The general purpose of Rule 60 . . . is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." *Boughner v. Sec'y of Health, Educ., & Welfare*, 572 F.2d 976, 977 (3d Cir. 1978).

A motion under Rule 60(b) is "addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances." *Ross v. Meagan*, 638 F.2d 646, 648 (3d Cir. 1981), *overruled on other grounds by Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *accord Pierce Assocs., Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988). However, that discretion is not unlimited—"Rule 60(b) does not confer upon the district courts a standardless residual of discretionary power to set aside judgments." *Moolenaar v. Gov't of V.I.*, 822 F.2d 1342, 1346 (3d Cir. 1987) (internal quotation marks omitted). A motion seeking relief pursuant to Rule 60(b)(2) must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). A motion seeking relief pursuant to Rule 60(b)(6), in contrast, must only be filed "within a reasonable time." *Id.* "What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied

3

upon, and [the consideration of] prejudice [if any] to other parties." *Devon v. Vaughn*, No. 94-cv-2534, 1995 WL 295431, at \*2 (E.D. Pa. Apr. 27, 1995) (quoting *Kagan v. Caterpillar Tractor*, 795 F.2d 601, 610 (7th Cir. 1986)). Generally, Rule 60(b)(6) motions are untimely if filed more than one year after final judgment, absent "extraordinary circumstances" excusing the movant's delay. *See Moolenaar*, 822 F.2d at 1348 (finding that Rule 60(b)(6) motion brought nearly two years after the district court's initial judgment was not made within a reasonable time, although the motion was brought only six weeks after the district court's judgment on remand, because "the reason for the attack upon that judgment was available for attack upon the original judgment").

Courts must also consider the restrictions of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") of 1996, 28 U.S.C. § 2244, "on the filing of second or successive habeas petitions[, which] make it implausible to believe that Congress wanted Rule 60(b) to operate under full throttle in the habeas context." *Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004) (quoting *Rodwell v. Pepe*, 324 F.3d 66, 67 (1st Cir. 2003). "Rule 60(b) has an unquestionably valid role to play in habeas cases," but it does not allow petitioners to file successive petitions. *Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005). Motions under Rule 60 that present a new claim for relief and motions that attack "the federal court's previous resolution of a claim *on the merits*" are considered successive petitions. *Id.* at 531–32; *accord Pridgen*, 380 F.3d at 727. A petitioner may, however, properly challenge a "defect in the integrity of the federal habeas proceedings" under Rule 60. *Gonzalez*, 545 U.S. at 532; *see also Pridgen*, 380 F.3d at 727.

## DISCUSSION

Mr. Montanez seeks relief under Federal Rules of Civil Procedure 60(b)(2) and (6), claiming that the Court erred in failing to consider the merits of his claims and that he has newly discovered evidence which could not have been discovered in time to move for a new trial. The

4

alleged newly discovered evidence includes trial transcripts withheld by PCRA counsel until Mr. Montanez's federal habeas petition was already time-barred. As a threshold matter, the Court first considers whether his motion is properly brought under Rule 60(b), or whether it is actually a second or successive § 2254 petition.

## I. Mr. Montanez's Motion Is a "True" Rule 60(b) Motion as to His Arguments Regarding to the Court's Alleged Procedural Errors Regarding Tolling

Mr. Montanez argues that the magistrate judge erred procedurally in recommending the dismissal of his June 27, 2019 federal habeas petition as time-barred. He cites to *Artuz v. Bennett*, 531 U.S. 4 (2000), for the proposition that an application for state postconviction relief may be properly filed although the state court has dismissed it as time-barred. Mr. Montanez then asserts that he is entitled to equitable tolling because, as he alleged in his § 2254 petition, his trial counsel failed to file a direct appeal on Mr. Montanez's behalf. Mr. Montanez's motion qualifies as a proper Rule 60(b) motion because, by challenging this Court's decision not to apply statutory or equitable tolling to his petition and the resulting decision to dismiss the petition as time-barred, he challenges a "defect in the integrity of the federal habeas proceedings" under Rule 60. *Gonzalez*, 545 U.S. at 532, 535–36 ("Because petitioner's Rule 60(b) motion challenges only the District Court's previous ruling on the AEDPA statute of limitations, it is not the equivalent of a successive habeas petition."). So, the Court may exercise jurisdiction over Mr. Montanez's motion and considers his arguments in turn below.

## II. Mr. Montanez's Claims Fail Under Rule 60(b)(6)

Mr. Montanez seeks relief under Rule 60(b)(6) based on the Court's failure to consider the merits of the claims in his federal habeas petition, its declination to apply statutory or equitable tolling to his petition, and its dismissal of his federal habeas petition as time-barred.

Under the catch-all provision of Rule 60(b), a party may move for relief from a final judgment for "any . . . reason that justifies relief." Fed. R. Civ. P. 60(b)(6). But Rule 60(b)(6) relief is justified only by "extraordinary, and special circumstances." *Pridgen*, 380 F.3d at 728. Those circumstances are rare in the context of § 2254 petitions. *Gonzalez*, 545 U.S. at 535. Mr. Montanez's disagreement with this Court's ruling that his petition was untimely is not an "extraordinary or special" circumstance. *Pridgen*, 380 F.3d at 728 ("No extraordinary circumstances are presented here that would warrant the District Court revisiting its prior decision that the habeas petition was untimely filed."); *accord Cox v. Horn*, 757 F.3d 113, 115 (3d Cir. 2014). Here, then, the Court denies relief under Rule 60(b)(6).

## A. Mr. Montanez Is Not Entitled to Statutory Tolling

Construing Mr. Montanez's *pro se* motion liberally, the Court identifies the apparent argument that Mr. Montanez's second PCRA petition was "properly filed" notwithstanding its later rejection by the PCRA court as untimely. The AEDPA one-year statute of limitations excludes "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Generally, PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa. Cons. Stat. § 9545(b)(1); *see also Commonwealth v. Yarris*, 731 A.2d 581, 586 (Pa. 1999).

The PCRA court dismissed Mr. Montanez's second PCRA petition as time-barred. As the Supreme Court has explicitly held, once "the state court reject[s] [a] petitioner's PCRA petition as untimely, it [i]s not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). In *Pace*, the Supreme Court disposed of the argument raised by Mr. Montanez that the ruling in *Artuz v. Bennett* entitles him to statutory tolling

6

because "there is an obvious distinction between time limits, which go to the very initiation of a petition and a court's ability to consider that petition, and the type of 'rule of decision' procedural bars at issue in *Artuz*." *Pace*, 544 U.S. at 417. When a state court dismisses a postconviction petition as untimely, "that [is] the end of the matter" for statutory tolling purposes under § 2244(d)(2). *Id.* at 414.  Therefore, Mr. Montanez was not entitled to statutory tolling when he untimely filed his second PCRA petition.

Moreover, even if Mr. Montanez had shown that he had properly filed his second PCRA petition—which he has not—his statutory tolling argument would still not be viable. Accounting for the statutory tolling that occurred while Mr. Montanez's *first* PCRA petition was pending, Mr. Montanez's deadline to file a timely federal habeas petition lay on May 30, 2019.  Mr. Montanez filed his second PCRA petition on June 24, 2019, several weeks after that federal habeas petition deadline. Thus, Mr. Montanez has again failed to show that he is entitled to statutory tolling.

## B.  Mr. Montanez Is Not Entitled to Equitable Tolling

Mr. Montanez also reiterates arguments raised in his § 2254 petition as to his entitlement to equitable tolling on the basis of constitutional and due process violations, namely his trial counsel's ineffective assistance in failing to pursue a direct appeal. For AEDPA purposes, "equitable tolling is proper only when the principles of equity would make [the] rigid application [of a limitation period] unfair." *Miller v. N.J. State Dep't of Corr.*, 145 F.3d 616, 618 (3d Cir. 1998) (internal quotation marks omitted). "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418. Mr. Montanez must show that he "exercised reasonable diligence in investigating and bringing" his claims. *Miller*, 145 F.3d at 618–19. In determining whether Mr. Montanez was reasonably diligent, the Court considers his

7

"overall level of care and caution in light of his . . . particular circumstances." *Munchinski v. Wilson*, 694 F.3d 308, 330 (3d Cir. 2012). A showing of "mere excusable neglect" will not do. *Miller*, 145 F.3d at 619.

Mr. Montanez reasserts that he is entitled to equitable tolling because his trial counsel failed to file a direct appeal despite Mr. Montanez's alleged requests to that effect. The magistrate judge considered that argument at the time Mr. Montanez submitted his § 2254 petition, and she accepted the state court's finding that Mr. Montanez had never requested trial counsel to file a direct appeal. Moreover, as when he first submitted his federal habeas petition, Mr. Montanez offers no explanation as to how his trial counsel's alleged ineffectiveness in failing to file his direct appeal caused the 27-day delay in filing his federal habeas petition. *See Schlueter v. Varner*, 384 F.3d 69, 76 (3d Cir. 2004) ("Generally, in a non-capital case . . . , attorney error is not a sufficient basis for equitable tolling of the AEDPA's one-year period of limitation.").

Nor has he now established that he pursued his rights diligently. Mr. Montanez filed his § 2254 petition and the instant motion *pro se*, but that alone "does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling." *Ross v. Varano*, 712 F.3d 784, 799–800 (3d Cir. 2013). And if he had acted with reasonable diligence, Mr. Montanez could have prepared "at least a basic pro se habeas petition" in the month between the Pennsylvania Supreme Court's denial of his petition for allowance of appeal and the deadline to file a federal habeas petition. *Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2003).

Mr. Montanez has not presented facts that demonstrate extraordinary circumstances or that he has pursued his rights with reasonable diligence, thus he remains unentitled to equitable tolling.

8

## C. **Mr. Montanez's Motion Is Untimely Under Rule 60(b)(6)**

Mr. Montanez has also failed to timely *reraise* his tolling arguments under Rule 60(b)(6). As noted above, Mr. Montanez was obligated to move for relief under Rule 60(b)(6) "within a reasonable time." Fed. R. Civ. P. 60(c)(1). Mr. Montanez's argument as to the effect of his second PCRA filing on the tolling of the AEDPA statute of limitations has been available to him since June 2019, and his argument as to the effect of his trial counsel's alleged ineffective assistance has been available to him since March 2013, when he alleges his counsel failed to file a direct appeal despite Mr. Montanez's exhortations. Mr. Montanez does report—and submits evidence to support the fact—that he has experienced medical exigencies beginning in September 2021, which required his housing in a medical infirmary unit from December 4, 2021 to March 7, 2022. But even taking into account the circumstances of Mr. Montanez's health and medical rehabilitation, the Court does not find that a 28-month period between the issuance of the challenged judgment and the filing of this Rule 60(b) motion constitutes "reasonable time," particularly when the onset of Mr. Montanez's medical concerns allegedly occurred almost a year to the day after this Court ruled on his § 2254 motion. *Cf. Moolenaar*, 822 F.2d at 1348.

Therefore, the Court denies Mr. Montanez's tolling arguments under Rule 60(b)(6) as both lacking merit and as untimely.[1]

---

[1]     Mr. Montanez does briefly raise in his motion that he "has been imprisoned for over eleven (11) years for a murder that he did not commit." Rule 60(b) Mot. at 14. Construing Mr. Montanez's motion liberally, the Court could potentially find this to be an assertion of "actual innocence," an assertion which could, in severely limited circumstances, justify the grant of a Rule 60(b)(6) motion. "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the [AEDPA] statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). "To qualify for this exception, the petitioner must present new, reliable evidence showing it is more likely than not that no reasonable juror would have voted to convict him." *Reeves v. Fayette SCI*, 897 F.3d 154, 157 (3d Cir. 2018). Mr. Montanez's brief allusion to his innocence cannot meet these requirements. He gestures to no new evidence that would support a finding that he did not commit the crimes of which he was convicted. *Cf. Howell v. Superintendent Albion SCI*, 978 F.3d 54, 61 (3d Cir. 2020) (finding that evidence of three witnesses' recantations and the confession of an alternate suspect was "troubling enough that an evidentiary hearing [wa]s warranted"); *Jackson v. Wenerowicz*, No. 14-cv-2996, 2021 WL 2072230,

### III.    Mr. Montanez's Motion Is Untimely Under Rule 60(b)(2)

Mr. Montanez purports to make an argument under Rule 60(b)(2) that he has newly discovered evidence. *See* Fed. R. Civ. P. 60(b)(2). Specifically, he alleges that his PCRA counsel failed to forward Mr. Montanez his trial transcripts until his federal habeas petition was already time-barred. Based on exhibits attached to his Rule 60(b) motion, it appears that his PCRA counsel sent these transcripts to Mr. Montanez on or about October 18, 2019. That indicates that Mr. Montanez was in possession of this evidence approximately two months prior to the time when respondents filed their response in opposition to Mr. Montanez's § 2254 petition; four months before Mr. Montanez filed his reply; five months before the magistrate judge issued her Report and Recommendation; and 10 months before Mr. Montanez filed his objections to the Report and Recommendation. The trial transcripts therefore cannot be considered "newly discovered" evidence for purposes of the instant motion. *See, e.g., Peterson v. Chetirkin*, No. 21-cv-8716, 2023 WL 2784390, at *9 (D.N.J. Apr. 5, 2023) (finding no "newly discovered evidence" where the information petitioner asked to be considered "would necessarily have been known to him when he filed his opposition to respondents' motion to dismiss"); *Davis v. Superintendent of SCI Retreat*, 20-cv-104, 2022 WL 1472876, at *1 (M.D. Pa. May 10, 2022) (dismissing claim under Rule 60(b)(2) as untimely where latest piece of "new evidence" was presented in state hearings in 2019 and petitioner filed his motion for Rule 60(b) relief in 2022).

And to the extent that Mr. Montanez raises an argument under Rule 60(b)(2), his motion is untimely. Unlike the relatively flexible timeline prescribed for motions made under Rule 60(b)(6),

---

at *4 (E.D. Pa. May 24, 2021) (considering petitioner's allegedly "new evidence," including a letter of the sister of a co-defendant and an affidavit of a fellow inmate, before concluding that it would not compel a reasonable juror to acquit the petitioner). Mr. Montanez's conclusory assertion of his innocence here does not show that "it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

a motion under Rule 60(b)(2) has a "more specific 1-year deadline" because it is among "the most open-ended grounds of relief." *Gonzalez*, 545 U.S. at 535; *see also* Fed. R. Civ. P. 60(c)(1). Here, Mr. Montanez has filed his motion 28 months after the Court dismissed his § 2254 petition with prejudice. Therefore, Mr. Montanez's motion is clearly untimely to the extent that he seeks to rely on Rule 60(b)(2). *See* Fed. R Civ. P. 60(c)(1); *Kemp v. United States*, 142 S. Ct. 1856, 1860, 1865 (2022) (finding that a Rule 60(b) motion made "almost two years" after district court denied a § 2255 petition was untimely under Rule 60(c)(1)). So, to the extent Mr. Montanez's Rule 60(b)(2) claim asserts a defect in this Court's ruling on his § 2254 petition and is not, in fact, a successive habeas petition, it is denied as untimely.

## IV.   A Certificate of Appealability Will Not Issue

A petitioner may appeal the final order in a habeas proceeding only if a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). The Third Circuit Court of Appeals has reaffirmed that a petitioner must also obtain a certificate of appealability before he "appeals the denial of a Rule 60(b) motion seeking reconsideration of a dismissal of a habeas petition, even if that dismissal was on procedural grounds." *Bracey v. Superintendent Rockview SCI*, 986 F.3d 274, 281 (3d Cir. 2021). "A certificate of appealability should issue . . . if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

Because jurists of reason would not find it debatable that this Court's procedural ruling is correct, no certificate of appealability will issue here.

CONCLUSION

For these reasons, the Court denies Mr. Montanez's motion for relief under Rule 60(b), and

no certificate of appealability will issue. An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

12